SUMMARY ORDER

Petitioner Karen K. Gattegno seeks review of a May 29, 2008 decision of the ARB, affii'ming an administrative law judge’s (the “ALJ”) grant of the Respondents’ motion for summary judgment, which resulted in the dismissal of her complaint alleging retaliation under the Sar-banes-Oxley Act, 18 U.S.C. § 1514A. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review a petition of review from agency decisions regarding claims brought under the Sarbanes-Oxley Act pursuant to the rules and procedures set forth in the Administrative Procedure Act (the “APA”). See 18 U.S.C. § 1514A(b)(2)(A); 49 U.S.C. § 42121(b)(4)(A). Thus, we will uphold a decision by the ARB — which represents a final agency decision by the Department of Labor — if it is not “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 5 U.S.C. § 706(2)(A); see Green Island Power Auth. v. F.E.R.C., 577 F.3d 148, 158 (2d Cir.2009) (holding that review of an agency decision pursuant to the APA is subject to an abuse of discretion standard under 5 U.S.C. § 706); see also Welch v. Chao, 536 F.3d 269, 275-76 (4th Cir.2008) (ARB’s denial of complainant’s claims under Sar-banes-Oxley are reviewed under the APA for abuse of discretion). We consider, therefore, “whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment,” Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 378, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989), and we will set aside the agency determination only if we conclude that its decision “runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise,” LaFleur v. Whitman, 300 F.3d 256, 267 (2d Cir.2002) (citation omitted).
Pursuant to regulations promulgated by the Department of Labor, an ALJ may grant summary judgment to a party “if the pleadings, affidavits, material obtained by discovery or otherwise, or matters officially noticed show that there is no genuine issue as to any material fact.” 29 C.F.R. § 18.40(d). This standard is analogous to the rules governing motions for summary judgment in federal court. See Fed.R.Civ.P. 56; see also Puerto Rico Aqueduct & Sewer Auth. v. EPA, 35 F.3d 600, 607 (1st Cir.1994) (“[T]he concept of administrative summary judgment has been linked inextricably to *500 Fed.R.Civ.P. 56.”). Moreover, to state a ;prima facie case under the Sarbanes-Ox-ley Act, an employee must show that: (1) she engaged in a protected activity or conduct; (2) the employer knew or suspected, actually or constructively, that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) “[t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the unfavorable action.” 29 C.F.R. § 1980.104(b)(1). Here, the agency’s determination that Gattegno failed to satisfy the third prong of this test, and its consequent award of summary judgment, was not a clear error of judgment.
In her complaint, Gattegno identified two unfavorable personnel actions: (1) constructive discharge, and (2) damage to her professional reputation and future work prospects. As to the first claim, the agency’s determination, based on undisputed facts, that Gattegno had constructively resigned from Prospect Energy Corporation by accepting another position before the actions claimed to constitute a constructive termination, was well within the bounds of the agency’s expert discretion. As to the second claim, the agency did not clearly err in determining that Gattegno did not produce any specific evidence, apart from mere conelusory assertions, in support of her allegation that the February 2005 press release was more adverse to her future employment prospects than any of the company’s prior releases, which she conceded were not adverse, nor did she otherwise demonstrate that the February release constituted an unfavorable personnel action.
The agency’s grant of summary judgment and dismissal of Gattegno’s complaint was not an abuse of its discretion. We have considered all of Gattegno’s remaining arguments and have determined them to be without merit.
For the foregoing reasons, the petition for review is DENIED.